UNITED STATES of America, Plaintiff,

v.

Manuel Antonio NORIEGA, Defendant.

Cable News Network, Inc., and Turner Broadcasting System, Inc.

No. 88–0079–Cr.

United States District Court, S.D. Florida.

Nov. 8, 1990.

Supplemental Order Nov. 9, 1990.

Michael P. Sullivan, Myles H. Malman, Guy Lewis, Asst. U.S. Attys., Miami, Fla., for U.S.

Frank A. Rubino, Coconut Grove, Fla., Jon May, Steven Kollin, Miami, Fla., for Noriega.

Terry S. Bienstock, Frates Beinstock & Sheehe, Miami, Fla., Daniel M. Waggoner, Stuart F. Pierson, Davis Wright Tremaine, Washington, D.C., Steven W. Korn, Turner Broadcasting System, Inc., Atlanta, Ga., for Cable News Network, Inc., and Turner Broadcasting System, Inc.

## ORDER

HOEVELER, District Judge.

THIS CAUSE IS before the court on Defendant Manuel Noriega's motion to enjoin Cable News Network, Inc. and its corporate parent, Turner Broadcasting System, Inc. (collectively "CNN") from broadcasting tape recordings of privileged telephone conversations between Noriega and his defense team.

## DISCUSSION

This issue at bar presents the court with the unfortunate and difficult task of resolving a conflict between two fundamental constitutional rights: the First Amendment

right of the press to be free from any prior restraint on speech, and the Sixth Amendment right of an accused to a fair trial.

At the outset, the court notes that the issue it confronts is unprecedented. The court is aware of no case, and none has been presented to it, in which a member of the press sought to broadcast an otherwise privileged attorney-client communication. Past cases dealing with the conflict between the First Amendment and the right to a fair trial have concerned damaging information which, if made known, could hamper the selection of a fair and impartial jury. *See Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *CBS v. United States District Court,* 729 F.2d 1174 (9th Cir.1984). Not only does the court now potentially face that very same issue, but it encounters the novel circumstance where the speech, if published, could—against all strictures of due process and fairness—reveal to the prosecution the defendant's trial strategy and protected confidences. The cases cited by the parties discussing the doctrine of prior restraint are, therefore, of somewhat limited precedential value to the facts of this case.

Defendant characterizes the issue as the violation of the attorney-client privilege. To be sure, there is no question that an intrusion has occurred. CNN concedes that the tapes contain communications between Noriega and his defense team, and there is no indication that the attorney-client privilege was waived. It further appears that the conversations were recorded by a third party, and that the tapes of these conversations were delivered into CNN's possession either by that same party or another third party. Nonetheless, it is the court's opinion that the issue at stake is more properly framed as the defendant's right to a fair trial.

The attorney-client privilege is not per se a constitutional right; however, the privilege takes on a constitutional aspect when, as here, it serves to protect a criminal defendant's Sixth Amendment right to effective assistance of counsel by ensuring unimpeded communication and disclosure by the defendant to his attorney. That purpose, however, has already been frustrated by the very fact of invasion. An injunction prohibiting CNN from broadcasting the tapes would go nowhere toward preventing the harm which has already occurred—that harm being Noriega's understandable reluctance to freely discuss his case with his lawyers in light of what has occurred. In other words, the uninhibited communication which the attorney-client privilege protects was impeded at the very moment Noriega learned his confidential conversations were being monitored, and given this, a restraint on the broadcast of those conversations would be symbolic and prophylactic as far as this aspect of the attorney-client privilege is concerned.

A secondary purpose behind the attorney-client privilege, and the prohibition of its violation, is to prevent the disclosure of information damaging to the defendant's case—information which, though damaging, is privileged. In this sense, the issue is really one of the right to a fair trial rather than the attorney-client privilege per se. The court therefore sees this case as a conflict between Noriega's Sixth Amendment right to a fair trial and CNN's First Amendment right to publish without prior restraint.

The right of the press to be free of prior restraints on speech is, of course, at the very core of the First Amendment. A prior restraint is presumptively unconstitutional, with the movant bearing the "heavy burden of showing justification for the imposition of such a restraint." *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419, 91 S.Ct. 1575, 1578, 29 L.Ed.2d 1 (1971). "In its nearly two centuries of existence, the Supreme Court has never upheld a prior restraint on speech." *In re Providence Journal Co.,* 820 F.2d 1342, 1348 (1st Cir.1986), *modified,* 820 F.2d 1354 (1st Cir.1987) (*en banc*), *cert. dismissed,* 485 U.S. 693, 108 S.Ct. 1502, 99 L.Ed.2d 785 (1988). This does not mean, however, that there is no situation in which a prior restraint on the press is justified. Among the very narrow range of cases which may justify a restraint are those involving a

criminal defendant's right to a fair trial. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *In re Providence Journal Co.*, 820 F.2d at 1350. *Nebraska Press* involved the problem of excessive pretrial publicity and the right to a fair and imparital jury. In that case, the Supreme Court established the test that must be met before prior restraint is justified where the restraint is based on the need to prevent such prejudicial publicity:

1) the nature and the extent of pretrial publicity must impair the right to a fair trial;

2) there exist no less restrictive alternative measures which would mitigate the effects of the publicity; and

3) a prior restraint would effectively prevent the harm.

427 U.S. at 562–68, 96 S.Ct. at 2804–07.

The Supreme Court struck down the restraints in *Nebraska Press* on the ground that alternative means existed to ensure a fair jury, but the fact that it established a test for determining whether a prior restraint is justified is a reflection of its refusal to adopt a per se rule against prior restraints. *Id.* at 570, 96 S.Ct. at 2808 ("This Court has frequently denied that First Amendment rights are absolute and has consistently rejected the proposition that a prior restraint can never be employed.)

■ In addition to the problem of prejudicial pretrial publicity, another distinct aspect of the right to a fair trial is at issue here, and that is the right of the defendant not to have his trial strategy and protected confidences disclosed to the prosecution. The court recognizes, as stated earlier, that the movant bears the heavy burden of proving that a prior restraint is justified, and that a prior restraint can issue only where the danger of disclosure is clear, immediate, and irreparable. On this point, defense counsel has already heard certain portions of CNN's tapes, and has stated to the court that the portions he heard involved discussion of witnesses, defense investigation, and trial strategy at the core of Noriega's defense. It is further noted

that defense counsel's burden on the issue is significantly hampered by the fact that his ability to fully elaborate upon the nature of the harm is limited given the presence of CNN and the prosecution at the hearing. Full disclosure of the extent of the harm—which would involve discussion of his defense and trial strategy—would bring about the very problem he seeks to avoid.

■ As is set forth in the cases, and in particular, *Nebraska Press*, the determination of when prior restraint is justified where it conflicts with the right to a fair trial must rest upon factual findings based on the content of the speech at issue. The three-prong test in *Nebraska Press*, addressed to prejudicial pretrial publicity, applies as well where the disclosure of the defense and confidential trial strategy is at stake. Thus, the court would have to determine, based upon the content of the speech, whether the nature and extent of the disclosure would impair the right to a fair trial, whether any less drastic means exists which would mitigate the effects of the disclosure, and whether a prior restraint would effectively prevent the harm. Unfortunately, the contents of CNN's tapes are not before the court, and therefore it is impossible to assess, at this stage, the precise extent to which Noriega's right to a fair trial would be hampered by disclosure. What is known at this point is that at least some of the tapes contain discussions of witnesses and certain other aspects of Noriega's defense. Perhaps this alone is enough to sustain an interim injunction during the course of the trial. But given the heavy constitutional presumption against prior restraints, it is the court's opinion that further inquiry is required. Accordingly, it is hereby

ORDERED and ADJUDGED that the temporary injunction imposed on CNN at the hearing this morning is continued until such time as the court can review the contents of the tape recordings in CNN's possession. In order to avert a situation which would require recusal of the undersigned on the basis of exposure to privileged attorney-client communications, re-

view of the tapes at issue will be undertaken by the Honorable William C. Turnoff, who will thereupon determine whether anything contained in the recordings presents a clear, immediate, and irreparable danger to Defendant's right to a fair trial. In order to accomplish this necessary task CNN will be required to produce copies of the tapes currently in its possession.

DONE and ORDERED.

### SUPPLEMENTAL ORDER

THIS CAUSE IS before the court upon the Motion of Defendant Manuel Noriega for an injunction restraining Cable News Network, Inc. and its corporate parent, Turner Broadcasting System, Inc. (collectively "CNN") from broadcasting the contents of tape recordings containing privileged attorney-client communications.

At 8:30 a.m. on November 8, 1990, the court convened an emergency hearing on Defendant's motion. At the conclusion of the hearing, the court ordered CNN to refrain from broadcasting the tapes until 6:00 p.m. on the same day, so as to provide the court with time to deliberate on the novel issues raised by the motion. The court subsequently entered an Order continuing its temporary restraint until such time as a federal magistrate could review the contents of the tape recordings and determine whether defendant Noriega's right to a fair trial would be jeopardized by publication of the contents of the attorney-client communications. The court's temporary restraining order and Order continuing the temporary restraint did not and do not apply to conversations which do not contain privileged attorney-client communications.

In light of CNN's emergency appeal of the court's order to the Eleventh Circuit Court of Appeals, the court enters this Supplemental Order to further clarify and elaborate on the court's decision.

■ The initial question presented by the case is whether the press can constitution-ally be prohibited from publishing privileged attorney-client communications which have not been waived, regardless of how the communications were obtained by the press and regardless of the particular content of the attorney-client communications. Assuming, however, that there are at least some circumstances in which the First Amendment prohibits the prior restraint of even privileged attorney-client communication, the Supreme Court's pronouncements on the doctrine of prior restraint suggest that a factual inquiry is required. In *Nebraska Press Ass'n v. Stuart*, the Supreme Court established that the test for determining whether a prior restraint can issue where the right to a fair trial is at stake requires conclusions as to 1) whether the right to a fair trial would be impaired, 2) whether less restrictive alternative measures short of prior restraint are sufficient, and 3) whether a prior restraint would effectively prevent the harm. 427 U.S. 539, 562–68, 96 S.Ct. 2791, 2804–07, 49 L.Ed.2d 683 (1976). As was stated in the court's Order, the contents of the tape recordings were not before the court. Thus, the court was in effect being asked to make a factual determination without being allowed to review the facts. On this point, it is important to note that CNN is in possession of the tapes, and has resisted turning them over to the court for review. It seems fundamentally unfair to allow CNN to benefit from its refusal to disclose the contents of the tapes to the court—that is, to allow CNN to argue that no prior restraint should issue because no clear and immediate harm is apparent when the only reason that no clear and immediate harm yet appears is because CNN has so far prevented this court from reviewing the content of the tapes in its possession. In response to the portion of the court's Order requiring production of the tapes to this court for the Magistrate's review, CNN argues that the court should compel production of the tapes from the Government before looking to CNN.[1] Requiring Governmental produc-

---

1. The court notes that a review of the tapes in the Government's possession would not necessarily allow the court to determine whether or not disclosure of CNN's tapes would impair Noriega's right to a fair trial. It is entirely possible that CNN is in possession of communications between Noriega and his lawyers and staff which the Government did not record,

tion would require the Magistrate to review all of the recorded phone calls between Noriega and his attorneys—potentially hundreds of them dating back to January 1990—in search of damaging attorney-client communications. The more efficient alternative would be for CNN to provide the specific conversations in its possession for expedited review. Obviously, CNN prefers delay to production, indicating that this court's temporary restraint is not viewed even by CNN as a serious infringement of its First Amendment rights.

The court herein wishes to emphasize that its Order was not a decision on the merits of the request for injunction, but rather a temporary restraint until such time as the Magistrate could review the tapes and permit this court to make a determination based on the merits. Of course, usually a decision to impose a temporary prior restraint on speech can be viewed as a decision on the merits of the request, since even a temporary restraint can issue only after the court is convinced that disclosure would clearly and immediately harm the particular right at stake. *Nebraska Press Ass'n*, 427 U.S. at 559, 96 S.Ct. at 2802 ("the burden on the [party seeking the restraint] is not reduced by the temporary nature of the restraint"); *CBS v. United States District Court*, 729 F.2d 1174, 1177 (9th Cir.1983). But the unique nature of the problem facing this court, unlike other courts which have faced this issue, is that no such determination was nor is possible without knowing the precise contents of the speech sought to be restrained, here the privileged attorney-client communications in CNN's possession. *See e.g., New York Times Co. v. United States,* 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971); *Nebraska Press Ass'n,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *CBS v. United States District Court,* 729 F.2d 1174 (9th Cir.1983); *In re Providence Journal Co.,* 820 F.2d 1342 (1st Cir.1986), *modified,* 820 F.2d 1354 (1st Cir.1987) (*en banc*), *cert. dismissed* 485 U.S. 693, 108 S.Ct. 1502, 99 L.Ed.2d 785 (1988).

## CONCLUSION

I cannot conceive that the law of prior restraint is so sacrosanct and so encompassing that there can be no fact situation which would justify enjoining publication of communications between attorney and client regardless of the nature of the communications or the method by which the information was obtained. If the invasion or the propagation of the invasion is not, as stated, in and of itself legally sufficient to justify enjoining, certainly it would appear necessary to look to the surrounding facts to determine the nature and extent of potential damage before dissemination.

We are here concerned with one of the most fundamental protections afforded an accused. Before final determination on the merits where such a vital constitutional right is at stake, it is only fundamentally fair that both the court and the parties explore both the facts and the law surrounding the issues. Accordingly it is hereby

ORDERED and ADJUDGED that the court's Order of November 8, 1990 on this matter is hereby supplemented; it is further ORDERED and ADJUDGED that temporary restraining order will remain in effect for up to ten (10) days or such lesser time as needed by this court to review the recorded communications and reach a decision on the merits.

DONE and ORDERED.

since it appears that the Government did not tape all of Noriega's attorney-client conversations. The communications in CNN's possession might have been recorded from a location outside of the prison where Noriega is incarcerated.