No. 90–767 (A–370).   CABLE NEWS NETWORK, INC., ET AL. *v.* NORIEGA ET AL.   C. A. 11th Cir.   Application to stay restraining orders of the United States District Court for the Southern District of Florida, presented to JUSTICE KENNEDY, and by him referred to the Court, denied.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE O'CONNOR joins, dissenting.

The issue raised by this petition is whether a trial court may enjoin publication of information alleged to threaten a criminal defendant's right to a fair trial without *any* threshold showing that the information will indeed cause such harm and that suppression is the only means of averting it.   The District Court in this case entered an order enjoining petitioner Cable News Network (CNN) from broadcasting taped communications between respondent Manuel Noriega, a defendant in a pending criminal proceeding, and his counsel.   *United States* v. *Noriega*, 752 F. Supp. 1032 (1990). The court entered this order without any finding that suppression of the broadcast was necessary to protect Noriega's right to a fair trial, reasoning that no such determination need be made unless CNN surrendered the tapes for the court's inspection.   The Court of Appeals affirmed this conclusion.   917 F. 2d 1543 (1990).

In my view, this case is of extraordinary consequence for freedom of the press.   Our precedents make unmistakably clear that " '[a]ny prior restraint on expression comes to this Court with a "heavy presumption" against its constitutional validity,' " and that the proponent of this drastic remedy " 'carries a heavy burden of showing justification for [its] imposition.' "   *Nebraska Press Assn.* v. *Stuart*, 427 U. S. 539, 558 (1976), quoting *Organization for a Better Austin* v. *Keefe*, 402 U. S. 415, 419 (1971) (citations omit-

ted); accord, *New York Times Co.* v. *United States*, 403 U. S. 713, 714 (1971) *(per curiam)*. I do not see how the prior restraint imposed in this case can be reconciled with these teachings. Even more fundamentally, if the lower courts in this case are correct in their remarkable conclusion that publication can be *automatically* restrained pending application of the demanding test established by *Nebraska Press*, then I think it is imperative that we reexamine the premises and operation of *Nebraska Press* itself. I would grant the stay application and the petition for certiorari.