### A03A0695. ATLANTA JOURNAL-CONSTITUTION et al. v. THE STATE.
#### (596 SE2d 694)

MIKELL, Judge.

This appeal involves a restrictive order entered during the prosecution of members of the House of Prayer Church on charges of child cruelty and aggravated assault. Citing potential prejudice to the defendants' right to a fair trial from pretrial publicity, the superior court ordered the prosecution and the defense, including the parties, counsel, experts, witnesses, and investigators, to respond to media inquiry by saying either "no comment" or "whatever we have to say will be [or has been] said in court." The Atlanta Journal-Constitution and WSB-TV ("the media"), who had opposed the motion, appeal.

1. The underlying prosecution has been terminated, and this appeal was initially dismissed as moot. However, the media petitioned the Supreme Court for a writ of certiorari, which the Court granted on the basis that the dispute is "capable of repetition, yet evading review."[1] Accordingly, the Supreme Court remanded the case to this Court for disposition of the appeal on the merits.

2. Contrary to the media's assertions, the order under consideration cannot be classified as a prior restraint because it is not directed at the media.[2] Accordingly, the order is not subject to the same heavy presumption against its constitutionality as an order directing the media not to broadcast a confession or televise a trial.[3] Insofar as it restricts extrajudicial comments by trial participants, the order is evaluated under the less stringent standard enunciated by the United States Supreme Court in *Gentile v. State Bar of Nevada*.[4] In that case,

---

[1] (Punctuation omitted.) *Atlanta Journal-Constitution v. State*, Case No. S03C0920, 2003 Ga. LEXIS 554 (June 11, 2003), citing *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576, 578 (1) (292 SE2d 815) (1982).

[2] See *Dow Jones & Co. v. Simon*, 842 F2d 603, 608-609 (2d Cir. 1988), cert. denied, 488 U. S. 946 (109 SC 377, 102 LE2d 365) (1988).

[3] *Nebraska Press Assn. v. Stuart*, 427 U. S. 539, 570 (96 SC 2791, 49 LE2d 683) (1976). See also *R. W. Page Corp.*, supra at 580 (5).

[4] 501 U. S. 1030, 1074 (111 SC 2720, 115 LE2d 888) (1991) (speech of lawyers representing clients in pending cases may be regulated under less demanding standard than that established for regulation of the press in *Nebraska Press*). See also *United States v. Brown*, 218 F3d 415, 426 (5th Cir. 2000).

the Court examined a Nevada Supreme Court rule that restricted lawyers from making extrajudicial statements if the "lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing" a proceeding.[5] The Court held that the " 'substantial likelihood of material prejudice' standard constitutes a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials."[6] The Court reasoned that "[f]ew, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right."[7] To guarantee a defendant's Sixth Amendment right to a fair trial, the Supreme Court has placed "an affirmative duty on trial courts to guard against prejudicial pretrial publicity."[8]

The standard enunciated in *Gentile* has been incorporated into Rule 3.6 of the State Bar of Georgia Rules of Professional Conduct, which the Supreme Court of Georgia adopted on June 12, 2000. Rule 3.6 (a) provides that

[a] lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a person would reasonably believe to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

Under Directory Rule 7-107 (B), "[a] lawyer or law firm associated with the prosecution or defense of a criminal matter shall not" make extrajudicial statements regarding

(1) the character, reputation, or prior criminal record (including arrests, indictments, or other charges of crime) of the accused; (2) the possibility of a plea of guilty to the offense charged or to a lesser offense; (3) the existence or contents of any confession, admission, or statement given by the accused or his refusal or failure to make a statement; (4) the performance or results of any examinations or tests or the refusal

---

[5] *Gentile*, supra at 1033.

[6] Id. at 1075.

[7] Id.

[8] (Emphasis omitted.) *United States v. Noriega*, 917 F2d 1543, 1549 (11th Cir. 1990) (per curiam), cert. denied sub nom., *Cable News Network v. Noriega*, 498 U. S. 976 (111 SC 451, 112 LE2d 432) (1990). Accord *News-Journal Corp. v. Foxman*, 939 F2d 1499, 1512 (11th Cir. 1991).

or failure of the accused to submit to examinations or tests; (5) the identity, testimony, or credibility of a prospective witness; (6) any opinion as to the guilt or innocence of the accused, the evidence, or the merits of the case.

In a special concurrence in *Rockdale Citizen Publishing Co. v. State*,[9] Justice Hunstein commented that

counsel must recognize that factual situations will arise in which DR 7-107 will represent the de minimis standard and that counsel should conduct themselves in a manner so as to achieve that goal of our legal system, namely, "that each party shall have his case, criminal or civil, adjudicated by an impartial tribunal."[10]

Therefore, precedent supports the trial court's order to the extent that it prohibits counsel from making comments already prohibited by DR 7-107 (B). But the real question is whether the trial court applied the correct standard in determining whether the pre-indictment publicity justified restraining the nonlawyers, i.e., the parties, experts, witnesses, and investigators. In this regard, the order recites that the case has received extensive pre-indictment press coverage, both televised and in print; that it is highly emotion-ally charged because it involves allegations that Church members administered criminally excessive punishment to two young boys; and that there is a *reasonable* likelihood that each defendant's right to a fair trial *could* be prejudiced by pretrial publicity.

As noted above, Rule 3.6 requires a finding that extrajudicial statements to the media *will* have a *substantial* likelihood of mate-rially prejudicing the trial. Although the trial court cited this rule as authority for imposing restrictions upon the trial participants, it failed to apply the legal standard embodied in the rule. In addition, the trial court did not make specific findings of fact based on evidence of record regarding the possible impact of extrajudicial statements upon the forthcoming trial.[11] "[A] conclusory representation that

---

[9] 266 Ga. 92, 96 (463 SE2d 864) (1995).

[10] Id., citing EC 7-33.

[11] Compare *Brown*, supra at 428-429 (district court articulated two major concerns about the possible impact of extrajudicial statements and made *specific findings* about the parties' conduct persuading the court that its fears might be realized. The specific findings do not appear in the appellate opinion except for a note that the parties had "already demonstrated a desire to manipulate media coverage to gain favorable attention.") (punctuation omitted).

publicity might hamper a defendant's right to a fair trial is insufficient to overcome the protections of the First Amendment."[12] For these reasons, the restrictive order must be reversed.

3. In addition, we note that Rule 3.6, Comment 5B, lists statements that a lawyer can make which are more likely than not to have no material prejudicial effect on a criminal trial, including, inter alia, the claim, offense, or defense involved; information contained in a public record; that an investigation of a matter is in progress; the scheduling or result of any step in litigation; the identity, residence, occupation, and family status of the accused; information necessary to aid in apprehension of the accused; the fact, time, and place of arrest; the identity of investigating and arresting officers or agencies; and the length of the investigation.[13] The trial court quoted the rule and stated: "Any party may freely comment on these matters." But in a subsequent paragraph, the order instructed the parties and others connected with the trial to respond to media inquiry only by saying either "no comment" or "whatever we have to say will be [or has been] said in court." Thus, to the extent that the order contravenes Rule 3.6, it is overbroad.[14]

*Judgment reversed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2004.

*Dow, Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde, Christopher L. Meazell*, for appellants.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[12] *Noriega*, supra, 917 F2d at 1549.

[13] Rule 3.6, Comment 5B (a)-(d), (g).

[14] The requirement apparently was adapted from similar language in *United States v. Simon*, 664 FSupp. 780, 798 (Appendix) (S.D. N.Y. 1987); however, the district court in that case recognized that the language was overbroad. Id. at 791.